## NATIONAL LABOR RELATIONS BOARD v. ANWELT SHOE MFG. CO.

### SAME v. ANSIN SHOE MFG. CO.

#### Nos. 3275, 3276.

Circuit Court of Appeals, First Circuit.

Dec. 8, 1937.

368

MORTON, Circuit Judge, dissenting.

———◆———

Saul A. Seder, of Worcester, Mass., for Anwelt Shoe Mfg. Co. and Ansin Shoe Mfg. Co.

Robert B. Watts, Associate Gen. Counsel, NLRB, of Washington, D. C., for National Labor Relations Board.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

Both of these proceedings are petitions under section 10(e) of the National Labor Relations Act of July 5, 1935, 29 U.S.C.A. § 160(e), for leave to adduce additional evidence. The National Labor Relations Board has filed in this court the transcripts of record in both cases containing orders to "cease and desist" and made application for the enforcement of such orders. Notice of their filing has issued and acceptance of service on September 4, 1937, has been filed. On that date the respondents filed these petitions for leave to introduce additional testimony, and since then have filed affidavits in support of their petitions. The Board has also filed affidavits in opposition, and on October 22, 1937, the parties were heard by this court on both petitions.

Section 10(e) of the act, 29 U.S.C.A. § 160(e), among other things, provides:

"If either party shall apply to the court for leave to adduce additional evidence and shall show to the satisfaction of the court that such additional evidence is material and that there were reasonable grounds for the failure to adduce such evidence in the hearing before the Board, its member, agent, or agency, the court may order such additional evidence to be taken before the Board, its member, agent, or agency, and to be made a part of the transcript."

The primary questions before us, therefore, are (1) whether the respondents-petitioners have presented reasonable grounds for their failure to adduce at the hearings before the Board, its member or agent, the evidence which they now ask leave to adduce before the Board, and (2), if so, whether such evidence is material to the charges contained in the respective complaints upon which the respondents were tried.

As to the first question it appears from the transcript of record filed in the respective cases and from the affidavits of the members of the Board: That, on November 25, 1935, the Shoe Workers Protective Union, Local No. 80, filed with the Board's regional director for the First Region a charge to the effect that respondents had engaged in unfair labor practices affecting commerce within the meaning of the National Labor Relations Act. That, on or about December 11, 1935, the Board, through its regional director, issued complaints against the respondents. That, in the case of the Anwelt Shoe Manufacturing Company, it was alleged that it had committed unfair labor practices affecting commerce within the meaning of section 8, subdivisions (1), (2) and (3), and section 2, subdivisions (6) and (7), of the act, 29

U.S.C.A. §§ 158(1–3), 152(6, 7); and in case of the Ansin Shoe Manufacturing Company that the respondent had committed unfair labor practices affecting commerce within the provisions of section 8, subdivisions (1) and (2), and section 2, subdivisions (6) and (7), of the act. That the complaints and notices of the hearings in the respective cases were served upon the respondents. That, pursuant to said notices, hearings on both complaints were held on December 30 and 31, 1935, before Daniel M. Lyons duly designated as trial examiner by the Board. That counsel for the respondents appeared at the hearing and filed a special appearance, only for the purpose of contesting the jurisdiction of the Board and its agents, on the ground that the act under which the proceedings were held was unconstitutional. That counsel for the respondents then stated:

"We reserve the right at some future date, in the event that the act is declared constitutional by the United States Supreme Court, to submit such evidence as we have with respect to the charges made as alleged in the complaint[s]."

That the trial examiner permitted the filing of the special appearance, but stated:

"As for the reservation of the right demanded by counsel for the respondent, I can only call its attention to the fact that this case is set down for hearing before me and will proceed before me."

And the examiner further stated at the same time:

"You have made your statement on the record. I have no authority to reserve your rights. I shall simply note your objection on the record, the same as any objection made in this proceeding is noted on the record. I propose to hear what either party offers."

That counsel for the respondents then withdrew from the hearings, except that he remained in the hearing room and at times interposed objections to certain questions. That the trial examiner further informed counsel for the respondents that, if he wished to put in a defense under general appearance, and if, at the conclusion of the complainant's case, he was not ready, he would consider a request for a reasonable time to prepare his defense, as it was his desire that the entire case be heard then; but that at no time did the trial examiner indicate that he believed the Board would be likely to reopen any case

where the respondent *refused* to proceed before the trial examiner on the ground that the act was unconstitutional. That, pursuant to notice, said hearings were resumed on January 16 and 17, 1936, before A. Howard Myers, duly designated as trial examiner by the Board. That counsel for the respondents again stated:

"In the event it should appear at a later date that the constitutionality of the act is upheld, we would request * * * to reserve our rights. And to do so we would request that the right be preserved to us to introduce our side of the case."

That the examiner then stated:

"Since this is a Board case pursuant to Section 35, Article II, of the Board's Rules and Regulations, I am not in a position to pass on your motion, but I believe that so far as I know, since you have been given every opportunity to present your case and since you are withdrawing voluntarily, that no further opportunity will be given."

That the trial examiner further stated to respondent's counsel at that time:

"If you feel that the charges in the complaint are untrue, I should say that this would be the proper opportunity to put into the record such facts as you have available to show that."

And that counsel then withdrew from the hearing; that on June 11, 1936, both proceedings were transferred to and continued before the Board in accordance with article II, section 37, of the Board's Rules and Regulations. That, in the Ansin case, on May 7, 1936, the Board, pursuant to section 10(b) of the act, 29 U.S.C.A. § 160(b) and article II, section 7, of the Board's Rules and Regulations, amended paragraph 2 of the complaint to conform to the evidence offered at the hearing, to the effect that the respondent (the Ansin Company) had dominated and interfered with the formation as well as the administration of the Progressive Shoe Workers' Union. That the amended complaint was duly served upon the Ansin Company, together with a letter from the secretary of the Board, which stated:

"Enclosed herewith you will find amended complaint in the above matter. You are hereby notified that, pursuant to Section 10(b) of the National Labor Relations Act, you have the right to file an answer to the amended complaint. Acting pursuant to Article II, Section 10 of National Labor

Relations Board Rules and Regulations—Series 1, as amended, the Board has decided to give you five days within which to file your answer with it in Washington, D. C.

"In view of the fact that the amended complaint is merely for the purpose of conforming the allegations to the proof, further hearing on the amended complaint and your answer thereto is probably unnecessary. However, if you wish, you may submit, with your answer, a request for a hearing, together with a statement of the nature of the proof you would offer if a hearing were held. Upon receipt of such request from you, the Board will decide whether a hearing on the amended complaint and your answer thereto is necessary in order to give you full opportunity to be heard."

That the respondent filed no answer or other pleading to the amended complaint and made no request for a hearing upon the amended complaint. That on June 12, 1936, the Board issued its decision, including its finding of facts and conclusions of law and its order. That at no time before the issuance of said decision did the respondent ask leave to reopen the case or introduce evidence before the Board.

The respondents seek to palliate their conduct in refusing to appear and try the merits of the respective causes on the grounds: (1) That they would thereby waive their objection to the jurisdiction of the Board and its agent, based on the alleged unconstitutionality of the act; (2) that they were led to believe, from what they claim the trial examiner, at the first hearing, said about the Board's likelihood of granting them an opportunity at a later date, in case the Supreme Court upheld the act, that they would be given an opportunity later to try their case upon the merits; and (3) that their belief in the unconstitutionality of the act should afford sufficient reason for their being allowed to now try the merits of the cases, even though they intentionally refused and abstained from trying them when they had reasonable opportunity to do so.

The first alleged·excuse is entirely without merit; and counsel for the respondents must have known it to be so. By submitting evidence and going to trial upon the merits, the respondents, having filed their objection to the constitutionality of the act and the jurisdiction of the Board, could do so without waiving any right to have the objection later passed upon. They were so informed by the examiner at the time; and section 28 of the Board's Rules and Regulations expressly provides:

"Any objection with respect to the conduct of the hearing, including any objection to the introduction of evidence, shall be stated orally, together with a short statement of the grounds of such objection, and included in the stenographic report of the hearing. No such objection shall be deemed waived by further participation in the proceeding."

And section 10(e) of the act, 29 U.S.C. A. § 160(e) authorizes this court, when such a proceeding is brought before it, to consider any objection made before the Board or one of its agents; and even to pass upon objections not so raised, if the circumstances are such as to justify it.

This being so, the respondents, on stating their ground of objection, could try the merits of their cases without waiving the objection to the jurisdiction of the Board based on the unconstitutionality of the act, and have that matter reviewed and determined by this court as outlined in section 10(e) and (f) of the act, 29 U.S.C.A. § 160(e, f).

Moreover, whether the examiner informed respondents' counsel at the hearing, as above stated, and whether the rules and regulations of the Board so provided or not, the objection to the constitutionality of the act could be availed of though the respondents had submitted evidence upon the merits of their cases, and, if the act was held unconstitutional, the proceedings from beginning to end would have been a nullity.

The second question is, Did the respondents, in view of all that took place at the first and second hearings, have reason to believe that, if they refrained from submitting their evidence before the examiners, they would be given a later opportunity to do so, if the Supreme Court held the act constitutional?

Among the affidavits filed by the respondents in support of the present petitions are affidavits of Sidney D. Ansin, an officer and general manager of the Anwelt Shoe Manufacturing Company, and likewise an officer and general manager of the Ansin Shoe Manufacturing Company. In his affidavit in the Anwelt case, which is made a part of the affidavit in the Ansin

case, in speaking of the first hearing of the cases, at which he was summoned to attend as a witness, he said:

"When we arrived at the hearings, I recall a talk that Mr. Seder, my attorney, had with the Trial Examiner in which the Trial Examiner said that they must go ahead with the case but if the act was declared constitutional at a later date we would be given a chance to present our side of the case. Mr. Seder then said that in view of that fact there was no immediate need to present any testimony and that we would await a decision from the United States Supreme Court. They put me on the stand and asked me questions and many times refused to listen to Mr. Seder unless he was willing to waive his special appearance. * * * When . they told Mr. Seder that he would later be given a chance to present our side of the case, I assumed that we would wait until the Supreme Court decided the issue and then we would be notified. I never expected that they would act the way they did."

Mr. Seder, who filed the present petitions and made oath that the statements therein contained were true, except as to such matters which were alleged to be upon information and belief, stated in both petitions:

"The trial examiner who heard the case in the first instance had a conversation with your petitioner and he testified [sic] that many of the petitions which were brought in other cases were being treated by counsel in the same manner; that many of them had not introduced evidence but were awaiting the decision of the Supreme Court of the United States, and that the board at that time felt that even though the offending party did not introduce their evidence that further opportunity would be given to them to do so if the act were declared constitutional. However he did say that he could not go on record with respect to his opinion since it would be contrary to the position which he held, although he did feel that that was the present attitude of the board and that our rights would not be prejudiced in the event that the Supreme Court of the United States declared the act constitutional."

The trial examiner who heard the case in the first instance was Daniel M. Lyons. In his affidavits filed in these proceedings he stated that he was the trial examiner originally assigned to hold hearings on the complaints and that the complaints were

heard together by him in Worcester, Mass., on the 30th and 31st of December, 1935; that he had read the statements referred to in relation to an alleged conversation or colloquy between him and counsel for the respective respondents as to the introduction of further evidence in the event that the National Labor Relations Act should be held constitutional by the Supreme Court of the United States. He then denied categorically the statement of counsel who filed the present petitions, saying: "I did not say that 'the Board at that time felt that even though the offending party did not introduce their evidence, that further opportunity would be given them to do so if the act were declared constitutional' "; and denied that he said that "he did feel that that was the present attitude of the Board and that our rights would not be prejudiced in the event that the Supreme Court of the United States declared the act constitutional"; that no such attitude of the Board had ever been indicated to him directly or indirectly, and, so far as he knew, the Board never assumed any such attitude; and that at no time did he indicate that he believed the Board would be likely to reopen any case where respondent refused to proceed before the trial examiner.

When the statements contained in these affidavits are read in connection with the typewritten transcripts of record, supported by the sworn affidavits of the Board, there can be no reasonable doubt as to what the first trial examiner stated about his understanding of the attitude of the Board or the expectation of the reservation of a right to have the cases reopened to introduce testimony as to the merits of the cases. At page 3 of the record, where the matter was first brought up, it appears that the examiner stated that, "as for the reservation of the right demanded by counsel for the respondent, I can only call its attention to the fact that this case is set down for hearing before me and will proceed before me," and further that "you have made your statement on the record. I have no authority to reserve your rights. I shall simply note your objection on the record, the same as any objection made in this proceeding is noted on the record. I propose to hear what either party offers."

With such positive statements as the record shows were made by the trial examiner, counsel for the respondents could not reasonably have concluded, or had reason to believe from anything Trial Ex-

aminer Lyons said, that the respondents would be given an opportunity to try the merits of their cases after the Supreme Court had passed upon the constitutionality of the act, if the respondents refused to proceed then to introduce their evidence or after a reasonable extension of time was allowed for so doing.

But Mr. Lyons was not the only trial examiner who sat in these cases, for on the 16th and 17th of January, 1936, A. Howard Myers sat as trail examiner, when counsel for the respondents, as shown by the record, again stated that "in the event it should appear at a later date that the constitutionality of the act is upheld, we would request * * * to reserve our rights. And to do so we would request that the right be preserved to us to introduce our side of the case"; and the record shows that at that time Trial Examiner Myers stated to counsel for the respondents in substance that this was a Board case; that he was not in a position to pass on the motion; but believed that, since the defendants had been given every opportunity to present their cases and since they were withdrawing voluntarily, no further opportunity would be given. And in the Ansin case the record shows that, after the amendment of one of the charges in that complaint had been made by the Board and at the time the amended complaint .was served upon the respondent, a letter was delivered, written by the secretary of the Board, which has heretofore been set out in full and in which the respondent was notified that it had the right to file an answer to the amended complaint and that the Board had decided to give it five days in which to do so, and that it might be heard upon the amendment if it desired a hearing, to which the respondent the Ansin Company made no reply and filed no answer to the amended complaint.

We are unable to find that the respondents were misled by anything that the first or second trial examiner said at the hearings.

█ ██ The third alleged excuse for refusing to try the merits of the cases at the time the hearings were had or to avail themselves of an opportunity to put in evidence later before the Board, at some reasonable time to be fixed for so doing, is an alleged belief of the respondents and their attorney that the act was unconstitutional. If every respondent charged with the violation of a federal act could be allowed to set up, as a reason for refusing to try his case when brought on for hearing, that the act, in his judgment, was unconstitutional, little progress could be made in the orderly trial of such causes. He no doubt may attempt to take such a position, but the attempt should not be successful. The course the respondents should have pursued was to try their cases when called for hearing, taking proper steps to preserve their constitutional question, and thereafter insist on its being heard and decided by the court or body having jurisdiction and authority to pass upon it.

The facts in these cases do not satisfy us that the respondents have shown reasonable grounds for refusing to submit their evidence at the hearings, when they had a reasonable opportunity to do so and, by doing so, would not have waived their objection to the jurisdiction of the Board and its agents, based on the alleged unconstitutionality of the act. In this situation it is unnecessary to consider whether the evidence which they now seek to present is or is not material to the issues in the cases.

The petitions of the respondents are denied.

MORTON, Circuit Judge, dissents.